IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD ROBINSON                                                                PLAINTIFF

v.                                        Civil No. 6:15-CV-06036

CLINIC MANAGER JACQUELINE                                                       DEFENDANT
THORN

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and prosecute this case.

## I. BACKGROUND

On November 27, 2017, Plaintiff filed a Notice of Address Change indicating he had been paroled from the Arkansas Department of Correction. (ECF No. 62). In accordance with Court policy, the Court entered an Order on November 29, 2017, directing Plaintiff to complete a new *in forma pauperis* application to accurately reflect his free-world financial status or pay the balance of the filing fee. Either the IFP application or payment of the remaining balance of the filing fee was due by December 20, 2017. (ECF No. 63). The Order was not returned as undeliverable. As of the date of this Order, Plaintiff has not filed the IFP application or paid the balance of the filing fee. Plaintiff has not communicated with the Court since he filed his Notice of Address Change.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district

court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 9th day of January 2018.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE